UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RANDALL B. HOFLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 9-343-P-W |
| | ) |
| SCOTT STOREY, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION
AND ORDER**

On August 3, 2009, Randall B. Hofland filed what he styles as a petition pursuant to 28 U.S.C. § 2254. He names as defendants two county sheriffs and seeks a writ of habeas corpus releasing him from the custody and control of "any Maine authority." On August 4, 2009, I issued an order requiring Hofland to file an amended petition clarifying who had custody of him and why Hofland maintained that the "judgment" upon which he was held was unconstitutional. Hofland subsequently sought an extension of the time in which he had to file his amended petition, and finally, on September 22, 2009, seven days after his amended petition was due, he filed a motion to extend time which was accompanied by a five page "supplementation" to his habeas petition. (See Mot. Amend ¶¶ 8-10, Doc. No. 11.) I grant Hofland's motion to extend and accept his tardy "supplementation" as his amended petition. Having reviewed the petition and its supplementation pursuant to Rule Governing Section 2254 Cases 4, I now recommend that the court dismiss this petition because it plainly appears that the petitioner is not entitled to relief in the district court.

1

**The Grounds for the Petition**

Neither Hofland's original petition nor his supplementation fully explains why Hofland remains in custody.  I surmise that bail has been set on the criminal charges that have been lodged against him and Hofland has been unable to meet that bond.  This failure to secure release has, in turn, led to a host of complaints about his jailers and the conditions of the various county jails where he has been imprisoned.  (Hofland v. Governor, ME, et al., Civil No. 1:09-cv-00162-JAW; Hofland v. Lahaye, et al., Civil No. 1:09-cv-00172-JAW; Hofland v. Ross, et al., Civil No. 1:09-cv-00173-JAW; Hofland v. Thompson, et al., Civil No. 1:09-cv-00174-JAW; Hofland v. Perkins, et al., Civil No. 1:09-cv-00201-JAW; and Hofland v Westrum, et al., Civil No. 1:09-cv-00218.)  In this particular habeas petition Hofland appears to allege four separate grounds justifying his immediate release, although none of the grounds actually attack the court order holding him in custody.  All of his "grounds" appear to relate to the manner and means of the prosecution of the criminal charges against him.

Hofland's first ground in this 28 U.S.C. § 2254 petition alleges a criminal conspiracy between Maine and New Hampshire.  The object of the alleged conspiracy appears to be to "defraud" Hofland of his constitutional rights.  The second ground is an attack against his counsel, claiming that his attorney has refused to investigate this conspiracy and has done little to assist Hofland in subpoenaing witnesses and obtaining information.  The third ground sets forth an allegation that the Superior Court Justice involved with his case has improperly altered court orders so as to preclude the recording of the testimony of law enforcement officers at the December 2008 Special Grand Jury proceeding.  According to Hofland he was indicted on forty plus charges by the Grand Jury and the prosecutor somehow manipulated the Grand Jury so as to conceal valuable exculpatory evidence.  The fourth ground alleges that Hofland has been

prejudiced by the delay in bringing him to trial and that his speedy trial rights under Barker v. Wingo, 407 U.S. 514 (1972) have been violated.  Hofland's supplementation identifies Waldo County Sheriff Scott Storey as his primary custodian, although he has never provided this court with a copy of the order committing him to the sheriff's custody and mandating that Hofland remain in custody awaiting his trial.

Hofland's original § 2254 pleading sheds little additional light on the legal grounds for this petition.  The petition began life as a plaint concerning two garbage bags of legal materials that were separated from Hofland by York County jail personnel on June 26, 2009.  Apparently Hofland had taken the bags with him to a hearing in Waldo County and when he returned to the York County jail, the legal materials were confiscated.  That confiscation was the subject of a hearing on July 22, 2009[1] at the Waldo County Superior Court.  Upon Hofland's return to York County jail on July 23, 2009, he observed that his jail cell had been thoroughly searched and his legal materials disturbed.  His original petition also chronicles a pattern of harassment at the York County jail during the month of July, orchestrated at least in part by certain inmates at the jail.  How these allegations concerning jail conditions in York County relate to his entitlement to immediate release from custody is not entirely clear.  In any event Hofland has been moved to the Somerset County jail in Madison, Maine, since filing this petition. As best I am able to discern, the allegations pertaining to York County no longer have any relationship to any habeas claim of entitlement to immediate release. This change in status is apparently the reason for Hofland's supplementation received by the court on September 22, 2009.

---

[1]  Hofland also notes that his father died on July 22, 2009, increasing the difficulties surrounding his emotional well being.

3

**Discussion**

As a preliminary matter I note that Hofland is not in custody pursuant to a "judgment" of the Maine courts, given his pretrial status, and therefore, in determining the merits of this petition, this court would not be exercising its 28 U.S.C. § 2254 jurisdiction. Atkins v. Michigan, 644 F.2d 543, 546, n. 1 (6th Cir. 1981) (citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 503-04 (1973) (Rehnquist, J., dissenting), and Moore v. DeYoung, 515 F.2d 437, 441-42 (3d Cir. 1975)). The First Circuit subscribes to a similar view in analyzing cases where a petition is asserting a pretrial constitutional violation resulting in a prisoner's custody. Gonzalez v. Justices of Municipal Court of Boston, 382 F.3d 1, 6 (1st Cir. 2004) ("As one awaiting trial on state criminal charges, the petitioner is not in custody pursuant to the SJC's judgment. Rather, he is in custody as a result of the [municipal court's] personal recognizance order, and that is the custody which he alleges violates the Constitution. Seen in that light, his petition is squarely within the maw of section 2241."), rev'd on other grounds, 544 U.S. 918 (2005). Under this analysis this court would be invoking its general habeas jurisdiction pursuant to 28 U.S.C. § 2241.

The Atkins court succinctly set forth the then prevailing wisdom regarding the federal court's exercise of its § 2241 jurisdiction to consider pretrial habeas petitions. After reviewing a body of case law extending back to 1886 the Sixth Circuit concluded that although federal courts have jurisdiction to consider pretrial habeas petitions, they should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. Atkins, 644 F.2d at 546. Hofland presents just such a factual scenario. Maine law provides a comprehensive scheme for judicial review of pretrial bail decisions. See 15 M.R.S. §§ 1021-1031.

4

Additionally, the issues that Hofland attempts to raise about prosecutorial misconduct and judicial error on the state level can all be addressed in the context of his criminal trial and, should he be convicted, any appeal there from. There is no reason for this court to rule upon the merits of any constitutional claim set forth by Hofland until he has fully exhausted his state court remedies pursuant to the statutory directive found at 28 U.S.C. § 2254(b)(1)(A).  Accordingly I recommend that this petition be dismissed without prejudice to Hofland's right to bring a habeas petition when he can successfully demonstrate he has fully exhausted the remedies available to him in the state court.

## Conclusion

Based upon the foregoing I recommend summary dismissal of the complaint.  In the event that Hofland files a notice of appeal, I would further recommend that no certificate of appealability should issue because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

September 30, 2009